No. 22-3797

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

v.

CARLOS DESHAWN BROWN,

*Defendant/Appellant.*
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
_____

REPLY BRIEF OF APPELLANT BROWN
_____

DEBORAH L. WILLIAMS
Federal Public Defender

Kevin M. Schad
Attorney for Appellant
Appellate Director
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
513.929.4834
Kevin_schad@fd.org

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

ARGUMENT .............................................................................................................1

I. APPELLANT BROWN'S RIGHT TO A SPEEDY TRIAL WAS VIOLATED ...............................................................................................1

II. THE COURT ERRED IN IMPOSING RESTITUTION FOR VICTIMS WHO WERE NOT PART OF THE OFFENSES OF CONVICTION ................................................................................................7

CONCLUSION .......................................................................................................10

CERTIFICATE OF COMPLIANCE .....................................................................11

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## Cases

*Sylvester v. United States*, 868 F.3d 503, 508 (6th Cir. 2017)............................5

*United States v. Crane*, 776 F.2d 600, 606 (6th Cir. 1985)................................1

*United States v. Jewett*. 978 F.2d 248 (6th Cir. 1992)..............................................8

*United States v. Lloyd*, 50 F.4th 648, 656 (7th Cir. 2022) ................................4

*United States v. Miller*. 900 F.2d 919 (6th Cir. 1990) ........................................8

*United States v. Moran*, 998 F.2d 1368 (6th Cir. 1993) ......................................1

*United States v. Moss*, 217 F.3d 426, 436 (6th Cir. 2000) ................................6

*United States v. Riccardi*, 989 F.3d 476, 489 (6th Cir. 2021) ................................7

*United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003)........................................7

*United States v. Turner*. 602 F.3d 778 (6th Cir. 2010)........................................3

ARGUMENT

I.  APPELLANT BROWN'S RIGHT TO A SPEEDY TRIAL WAS VIOLATED

The Government contends that only 53 days elapsed from the Speedy Trial clock. They do this by discounting the 20-day post hoc ends of justice continuance made by the district court, and by ignoring the delays in transporting Brown for a competency evaluation. As these exclusions from the Speedy Trial clock are without merit, the Government's claims must be rejected.

As to the 20 days which elapsed from October 13, 2021 until November 3, 2021, the Government relies on the district court's ends of justice finding made on January 12, 2022, when it for the first time excluded these dates from the Speedy Trial clock. (R.68, Order PAGE ID # 342) This Order, which was made in response to the second motion to dismiss, is the quintessential post-hoc "covering of bases" that is forbidden by this Court. "A district judge cannot wipe out violations of the Speedy Trial Act after they have occurred by making the findings that would have justified granting an excludable-delay continuance before the delay occurred." *United States v. Crane*, 776 F.2d 600, 606 (6th Cir. 1985). In *United States v. Moran*, 998 F.2d 1368 (6th Cir. 1993),

this Court held "post-hoc rationalization is not permitted" to correct an already occurring Speedy Trial clock violation. *Id.* at 1372.

The district court's order is the quintessential post-hoc rationalization, attempting to fix a Speedy Trial clock violation that had already occurred. First, it was made as part of the order denying Brown's Speedy Trial claim. Second, it is bereft of findings to support it. The court only states it "is consistent with the circumstances under which the court had routinely placed ends of justice continuances on the record while awaiting the next procedural steps in the case" to do so. (R.68, Order PAGE ID # 342) But this was not in response to a contemporary request by either party, which preceded the other ends of justice continuances. This order was obviously a post-hoc attempt at fixing a Speedy Trial clock problem, and should not exclude this time.

The Government concedes that 18 days elapsed from September 24, 2021 until October 13, 2021, as the district court had the motion "under advisement" for over 30 days. Although early in their brief they acknowledge this (Government Brief Page: 18), in their argument section, they forget this concession, and argue "this Court should find the 21 days excludable. Even if this Court disagrees, however, adding those days to the elapsed 35 countable days would not exceed the 70-day speedy-trial period." (Government Brief

Page: 36) This is erroneous math, given their earlier concession. 53 days plus the 20 days is 73, and violates the Speedy Trial clock. Thus, if this Court finds that the post-hoc ends of justice continuance was improper, dismissal of the indictment is appropriate.

This Court need not even address the Speedy Trial clock problem created by violating 18 U.S.C. § 3161(h)(1)(F). However, if this Court does consider this aspect of the Speedy Trial clock calculation, the Government's arguments are without merit. The Government overreads this Court's determination in *United States v. Turner*. 602 F.3d 778 (6th Cir. 2010). Turner does not stand for the proposition that only an order which "order that both requires evaluation and directs the USMS to immediately transport a defendant is sufficient to start the ten-day clock." (Government Brief Page: 30) Rather, Turner instructs that where a court does issue separate orders, the clock runs on the second order. *Id.* at 784. But the court did not issue separate orders in December of 2019. It issued one order. The Government would have this Court start the ten-day clock on the date that the Marshal's office and the BOP coordinated transport – but nothing in this Court's precedents or the statute gives the BOP authority over the Speedy Trial clock. The Government's reliance on *Turner* belies the record in this case.

3

The Government also makes an alternative argument in this regard – that any delay which should be included on the Speedy Trial clock was "reasonable," and therefore is excluded. Although 18 U.S.C. § 3161(h)(1)(F) presumes as unreasonable (and therefore countable) delays over ten days to transport a defendant for a competency evaluation, there is little caselaw on what constitutes reasonableness. In *United States v. Lloyd*, 50 F.4th 648, 656 (7th Cir. 2022), the district court rejected a "mere resource" argument as a basis for finding a delay in excess of 10 days reasonable. Here, the evidence relied upon by the Government is not an aberration from standard practice – it is the standard practice. The Government relies on an affidavit from Jeff Oleksiak, an investigative analyst with the Marshals service. A review of his affidavit shows no anomalies or any outside influences in attempting to transport Brown: Brown was arrested on December 19, 2019; Oleksiak did not discover this until December 23; he called the BOP that day to confirm that Brown was still going to FMC Lexington; they did not reply to him until January 10, 2020 to confirm Lexington; they "formally reconfirmed" on January 24, 2020; he did not "begin" to transport Brown until February 3, 2020; and finally, Brown arrived on February 7, 2020 (Brown traveled from Cleveland Ohio to Lexington over this 5 day period). (R.61-1, Affidavit PAGE

ID # 293-94)   That the Marshals were doing their regular job is not a basis for finding that the delay over 10 days was excusable.  Otherwise, the 10-day timeframe is meaningless.

The Government also contends that § 3161(h)(1)(F) only applies to transport to a facility, not from.  Thus, explains the Government, the delay in returning Brown to the Northern District of Ohio should not count against the Speedy Trial clock.  This makes no sense, given the reasoning for the Speedy Trial Act.  As this Court has noted "[t]he Speedy Trial Act was enacted to 'g[i]ve effect to a Federal defendant's right to a speedy trial under the Sixth Amendment," [] and "in furtherance of this goal, the Supreme Court established strict timelines for the various stages of the criminal trial process." *Sylvester v. United States*, 868 F.3d 503, 508 (6th Cir. 2017).  It would seem odd that Congress would demand there be no delay in transporting a defendant to a facility for a competency evaluation, yet allow unlimited delay on the defendant's return.  Yet that is precisely what the Government posits.  Contrary to the Government's position, the delay in returning him to the district court for disposition does count against the Speedy Trial clock.

"[I]n enacting the Speedy Trial Act, Congress made plain its belief that bringing defendants to trial promptly is essential to the interests of justice."

*United States v. Moss*, 217 F.3d 426, 436 (6th Cir. 2000)(Gilman, concurring). Here, the goal of the Speedy Trial clock was thwarted by a lethargic Marshal's office, and a district court's post-hoc rationalization of missed time. This Court should find the Speedy Trial clock to be violated, and remand for a determination of whether a dismissal should be with or without prejudice.

## II. THE COURT ERRED IN IMPOSING RESTITUTION FOR VICTIMS WHO WERE NOT PART OF THE OFFENSES OF CONVICTION

The Government contends this issue is firmly contained within the appellate waiver provision of Brown's plea agreement, and therefore is unreviewable by this Court.

This Court has held that restitution is part of a "sentence," and therefore, challenges to restitution can be waived as part of a plea agreement. *United States v. Riccardi*, 989 F.3d 476, 489 (6th Cir. 2021). However, where a "plea agreement is ambiguous as to the amount and manner of determining restitution," and amount of loss is at issue, this Court has exercised its discretion to allow an appeal on such issue. *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003).

Here, the plea agreement does not place restitution as part of the "sentence" to be imposed, but lists in separately as "other consequences" of the plea. (See R.112, Plea Agreement PAGE ID # 865-66, ¶¶ 2 and 6) Restitution is listed after "costs" and the special assessment. A defendant reading this agreement would not understand that restitution is part of the sentence for which one was waiving appeal. The district court, in discussing the limited appellate waiver, made no mention of waiving the right to challenge restitution. (R.125, Plea Hearing PAGE ID # 970-71) Federal Rule

11(b)(1)(N) requires a district court to disclose in open court the terms of any waiver. As this term was not disclosed, the Government's reliance on this provision is misplaced.

Turning to the merits, the Government contends that Citibank and Dollar Bank were proper victims for purposes of restitution. The Government relies primarily on the definition of victim set forth in *United States v. Miller*. 900 F.2d 919 (6th Cir. 1990). In *Miller*, this Court remanded for further findings on restitution where it was not clear that the district court had found that the contested "victims" were part of the offenses of conviction. *Id.* at 924. Since *Miller*, this Court has never utilized this precedent in the manner suggested by the Government.

Moreover, Brown's counts of convictions are not conspiracy counts, but discrete fraud counts. This Court rejected the arguments posed by the Government on appeal where the counts of conviction are discrete fraud counts in *United States v. Jewett*. 978 F.2d 248 (6th Cir. 1992). There, the Court held:

> The "specific conduct" for which defendant Jewett was convicted was mail fraud, not executing a fraudulent scheme. The existence of a scheme to defraud Ford of over $650,000 does not, and cannot, alter the statutory command that restitution under the VWPA be limited to "victim[s] of [the] offense" of conviction.

8

> In this case, the offenses of conviction were the two uses of the mails in the execution of a scheme to defraud Ford. The district court, in ordering restitution based on all losses caused by defendant Jewett's scheme to defraud rather than those attributable to the specific mailings for which Jewett was charged and convicted in Counts I and II, exceeded its statutory authority under 18 U.S.C. § 3663(a)(1).

*Id.* at 252.

Citibank and Dollar Bank were not named victims in any of the counts of conviction. They were not victims of the fraud alleged in the counts of conviction. Restitution was improper, and this case must be remanded for resentencing on the issue of restitution.

CONCLUSION

For the foregoing reasons, as well as those presented in the initial brief, Brown respectfully requests this Court vacate the convictions and/or restitution order and remand this matter for further proceedings consistent with this Court's decision.

Respectfully Submitted,

DEBORAH L. WILLIAMS
Federal Public Defender

/s/ *Kevin M. Schad*
Kevin M. Schad
Attorney for Appellant
Appellate Director
Office of the Federal Public Defender
Southern District of Ohio
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
(513) 929-4834
Fax (513) 929-4842
Kevin_schad@fd.org

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that the foregoing brief complies with the type-volume limitation provided in Federal Rule of Appellate Procedure 32(a)(7)(B). The relevant portions of the foregoing brief contain 2358 words in Century Schoolbook (14-point) type. The word processing software used to prepare this brief was Microsoft Office 365.

/s/ *Kevin M. Schad*
Kevin Schad
Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2023, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to the following at their e-mail addresses on file with the Court:

Assistant United States Attorney Justin Seabury Gould

/s/ *Kevin M. Schad*
Kevin Schad
Attorney for Appellant